## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE  DIVISION

| | | |
|---|---|---|
| **JONATHAN M. HOLLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00515 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WARDEN DAVIS, ET AL.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Jonathan M. Holley, Pro Se Plaintiff; Anne M. Morris,* Office of the Attorney General, Criminal Justice & Public Safety Division, *Richmond, Virginia.*

The plaintiff, Jonathan M. Holley, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983, alleging that he was injured when he fell on a wet floor at Wallens Ridge State Prison (Wallens Ridge) and that he did not thereafter receive appropriate medical care.  The case is currently before me on Holley's motions seeking to amend his Complaint and a motion seeking interlocutory injunctive relief.  After review of the record, I will grant one of thee motions to amend but the other motions will be denied.[1]

---

[1]  I will address the defendants' pending dispositive motions in a separate filing.

A. Motions to Amend Facts.

In the first motion, ECF No. 53, Holley alleges new facts not included in the Amended Complaint — that on May 20, 2021, the inmate in Cell A-321 flooded his cell and other parts of the housing area.  But when Holley left his cell about 9:00 a.m. on May 21, 2021, no one had cleared the water or placed warning signs about the wet floor.  For this negligence, Holley blames Unit Manager Stallard, Lieutenant Nunley, and an unnamed floor officer on the A-break shift.  I will grant this motion to add new facts to the existing § 1983 claims.

In the second motion, ECF No. 54, Holley moves to add the floor officer as a defendant.  The court directed the defendants to provide Holley with the names of the floor officers for that date, ECF No. 78, and the defendants did so, ECF No. 96. Holley has not moved to amend to add any additional defendant by name.  In any event, Holley's claim against this unnamed officer is futile, because it suggests, at most, negligent official conduct that is insufficient to state a constitutional claim actionable under § 1983.  *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).  For these reasons, I will deny this motion to amend without prejudice.

B. Motions to Amend Claims.

In Holley's third and fourth motions seeking to amend, ECF Nos. 126 and 131, he moves to "incorporate" statutory claims under the Rehabilitation Act and the Virginians with Disabilities Act (VDA).[2]  Generally, the Rehabilitation Act prohibits discrimination based on disability in programs that are conducted by federal agencies or that receive federal financial assistance.  The VDA broadly directs state agencies providing public services to assure equal opportunities to persons with disabilities.  Holley's claims allege officers' failure to remove water from the floor or place warning signs to prevent his fall and failure to provide specific types of medical care thereafter.  His Amended Complaint does not state facts suggesting that any of the defendants acted or failed to act as they allegedly did because Holley suffers from a physical disability.  Accordingly, I find no factual basis to permit him to add claims under these statutes to this case and will deny his motions.

C. Motion for Preliminary Injunction.

Holley's motion seeking interlocutory relief, ECF No. 142, appears to seek court intervention with a number of issues.  He alleges that unspecified Wallens Ridge staff members are blocking his previously approved transfer; that they charged him with a disciplinary infraction for asking a doctor for help; and that he has disabilities that could be accommodated if staff would order a second hearing

---

[2]  29 U.S.C. § 701; Va. Code Ann. § 51.5-1.

test for him.  Mot. 1-2, ECF No. 142.  His draft order for the court-ordered relief he apparently seeks also reflects a variety of concerns and numerous individuals who are not defendants in this case.  Liberally construing his submissions, Holley wants court orders for a second hearing test; for a transfer; for a prison job; for responses to his future written complaints and grievances; for Wallens Ridge medical providers to review his mental and medical health records from his past providers; for unspecified relief concerning two officers who allegedly do not like him; for the video footage of his fall on May 21, 2021; and for his counselor to stop discussing his disciplinary infractions and other confidential information with his mother.[3]

A party seeking interlocutory injunctive relief must state facts clearly showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  Each of these four factors must be satisfied.  *Id.*  Holley fails to state facts showing that any of the issues and concerns raised in his submissions seeking preliminary injunctive relief threatens him with any imminent, irreparable harm in the absence of the extraordinary court intervention for which he moves.

---

[3]  Holley also attaches a stack of grievances and other records to his motion without any explanation of their significance.  I do not construe from these documents alone any additional grounds on which Holley seeks preliminary injunctive relief.

Furthermore, "a preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). To warrant interlocutory relief, the movant "must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Id.* (internal quotation marks and citation omitted). Holley's motion fails to connect the majority of his requested interlocutory relief in any way to the defendants' wrongdoing alleged in the Amended Complaint.[4]

D. Conclusion.

For the reasons stated, it is **ORDERED** as follows:

1. The Motion to Amend to add facts about events, ECF No. 53, is GRANTED;

2. The Motion to Amend to add an unnamed, additional defendant, ECF No. 54, is DENIED as futile;

3. The Motions to Amend to add statutory claims, ECF No. 126 and 131, are DENIED; and

4. The motion seeking interlocutory relief, ECF No. 142, is DENIED.

---

[4] As stated, among the many relief requests in this motion, Holley asks for the video footage of his fall on May 21, 2021, or admission from investigators that they wrongfully failed to save it as requested. This demand does not warrant preliminary injunctive relief, because he fails to show how lack of this footage poses him any imminent risk of irreparable harm.

ENTER:   November 10, 2022

/s/  JAMES P. JONES
Senior United States District Judge