## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **JONATHAN M. HOLLEY,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:21CV00515 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **WARDEN DAVIS, ET AL.,** | ) | Judge James P. Jones |
| | ) | |
| Defendants. | ) | |
| | ) | |

*Jonathan M. Holley, Pro Se Plaintiff; Anne M. Morris, Office of the Attorney General, Criminal Justice & Public Safety Division, Richmond, Virginia, for Defendants Warden Davis, Supervisor Stallard, and Nunley; Anthony S. Cottone, Byrne Canaan Law, Richmond, Virginia, for Defendants Dr. Mullins and Nurse Christian.*

Plaintiff Jonathan M. Holley, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. He alleges that he was injured when he fell on a wet floor and that he did not thereafter receive appropriate medical care. Two groups of defendants have filed separate Motions to Dismiss, ECF Nos. 59 and 75. After reviewing the motions and the record, I conclude that these motions must be granted.[1]

---

[1] I will separately address in another opinion defendant Dr. McDuffie's Motion for Summary Judgment.

## I. BACKGROUND.

At the time Holley's claims arose, he was confined at Wallens Ridge State Prison (Wallens Ridge), a facility operated by the Virginia Department of Corrections (VDOC).  After reviewing Holley's initial Complaint, the court notified him of its deficiencies and granted him an opportunity to file an Amended Complaint that stated facts to show what actions each defendant had taken in violation of his constitutional rights and how he was thereby injured, as required to state a claim actionable under § 1983.

Holley signed and dated his Amended Complaint, ECF No. 15, on January 30, 2022, and amended it in May 2022, ECF No. 53.  Holley alleges that on the evening of May 20, 2021, an inmate in a nearby cell caused a flood in his housing area.  The next morning, May 21, 2021, the floor was still wet, and no one erected a warning sign.  Around 9:00 a.m., Holley walked out of his cell, allegedly slipped on the wet floor, and fell, injuring himself.  Defendants Supervisor Stallard and Nunley were at the scene, but allegedly "tried to act as if it didn't happen so as to avoid blame and liability."  Am. Compl. 2, ECF No. 15.

Immediately after Holley's fall, defendants Dr. Mullins and Nurse Christian examined him.  They allegedly "denied requested access to specialist for head tra[u]ma, causing injury to compound."  *Id.*

Holley claims that in the fall, he injured his head and back. Since then, he has allegedly experienced back pain, blurred vision, dizziness, migraines, and memory blackouts. Holley alleges that the prison psychiatrist, Dr. McDuffie, "refuses requests for consultation filed every month since" the fall. *Id.*

Holley also asserts that Warden Davis "was made aware via the grievances filed [and] should have corrected the matter and expedited medical treatment." *Id.* Specifically, Holley alleges that Davis "[had] the power" to call in a doctor from outside the VDOC to provide a second opinion about whether examination by a specialist was appropriate treatment for Holley's alleged head injury from his fall. *Id.* at 3. Instead, after defendants Stallard and Lieutenant Nunley ruled that Holley's grievance and appeal on this issue were "invalid," Davis went along with their findings. *Id.*

Liberally construed, the Amended Complaint alleges the following claims: (1) After Holley slipped and fell on May 21, 2021, defendants Nunley and Stallard were present and later denied Holley's grievances about the incident; (2) Dr. Mullins and Nurse Christian examined Holley after his fall, but denied his requests to see a head trauma specialist; (3) Dr. McDuffie, the prison psychiatrist, refused Holley's repeated requests to consult with him in the months after the fall; and (4) Warden Davis affirmed denial of Holley's grievances instead of arranging for him to see a head trauma specialist. As relief, Holley seeks a "[p]roper head injury exam and

treatment by non-VDOC affiliated specialist," along with monetary damages. *Id.* at 2.

Defendants Davis, Stallard, and Nunley (the security defendants) and Defendants Nurse Christian and Dr. Mullins (the medical defendants) have filed separate Motions to Dismiss. Holley has responded to both motions, making them ripe for disposition.

## II. DISCUSSION.

### A. The Standard of Review.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint to determine whether the plaintiff has properly stated a claim, but "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering a Rule 12(b)(6) motion, a court must accept all factual allegations in the operative complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Holley has moved to have the Motions to Dismiss considered as summary judgment motions. He apparently relies on Rule 12(d), providing that, "If, on a

motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."   Holley asserts that by characterizing his claims as disagreement with the defendants' medical judgments, the defendants have presented material disputes of fact that must be resolved through a summary judgment proceeding under Rule 56.   On the contrary, the defendants have not presented any affidavits or other documentation with their Rule 12(b)(6) motions. Nor have they asserted any facts outside the Amended Complaint about the medical defendants' treatment decisions or qualifications.   Rather, both Motions to Dismiss argue only that the Amended Complaint does not state facts that support any actionable claim under § 1983.   Thus, I conclude that the motions are appropriately addressed as intended — under Rule 12(b)(6).   I will deny Holley's motion asking for them to be addressed as summary judgment motions.[2]

---

[2]   Holley has also asserted new factual allegations in this motion, ECF No. 139, and in some of his many other repetitive submissions that argue against granting the defendants' motions.   The court notified Holley early in this case that to change his Complaint, he must file an amended complaint, making a complete statement of all his claims and the facts supporting those claims.   Holley's insertion of new factual statements in subsequent, piecemeal motions or responses does not meet this requirement, and such supposed facts are not properly before the court.

B. Defendants Stallard and Nunley.

Holley's allegations against these two defendants are sparse: they were present at the scene when Holley fell on the morning of May 21, 2021, allegedly pretended that nothing had happened, and denied his grievances about the incident.[3] In a § 1983 case, "(l)iability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff[']s rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks and citation omitted). Holley does not assert any personal action or inaction by Stallard or Nunley related to his fall. Nevertheless, I liberally construe Holley's pleading as asserting that Stallard and Nunley are liable for failing to remove the water on the floor or to place warning signs in the area and for denying his grievances.

The Eighth Amendment prohibition against cruel and unusual punishment "protects inmates from inhumane treatment and conditions while imprisoned." *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause

---

[3] I note that copies of some grievance documents related to Holley's fall are attached to his initial Complaint, ECF No. 1, which was later replaced by his Amended Complaint. Review of these documents reflects that in some filings, Holley listed May 22, 2021, as the date of the fall, rather than May 21, 2021, which apparently complicated official review of his claims. Moreover, despite being advised that the Amended Complaint would take the place of his previous submissions, Holley did not attach to that pleading any of the grievance documents related to Stallard and Nunley. Therefore, I have not considered them in reaching my conclusion that the claims against these defendants must be dismissed.

for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer v. Brennan*, 511 U.S. 825, 838 (1994). In other words, an official's merely negligent action or inaction is not sufficient to give rise to a constitutional claim and, accordingly, is not actionable under § 1983. *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Holley's allegations suggest that Stallard and Nunley were negligent in failing to ensure that the water was cleared from the floor and that warning signs were posted. Such mere negligence cannot support a claim of unconstitutional punishment so as to be actionable under § 1983. *Rümmer v. North Dakota*, No. 1:12-CV-020, 2012 WL 6044713, at *5 (D.N.D. Mar. 27, 2012), *R&R adopted*, 2012 WL 6044720 (D.N.D. Dec. 5, 2012).

Holley also has no actionable § 1983 claim based on rejection of his grievances about the fall by Stallard and Nunley. "[I]nmates have no constitutional entitlement or due process interest in access to a grievance procedure. An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 541 (4th Cir. 2017). In addition, an official's rejection of an inmate's grievance or appeal states no § 1983 claim, because it does "not cause or contribute to [a constitutional] violation." *Brown v. Va.*

*Dep't of Corr.*, No. 6:07-CV-00033, 2009 WL 87459, at *13 (W.D. Va. Jan. 9, 2009) (internal quotation marks and citation omitted). For the stated reasons, I will grant the Motion to Dismiss as to Holley's claims against defendants Stallard and Nunley.

### C. Defendant Warden Davis.

Holley's claims against this defendant also fail to survive a Rule 12(b)(6) motion. First, for reasons already stated, the Warden's responses to Holley's grievances about his fall did not contribute to that incident. And Holley had no constitutional right to file a grievance, let alone to receive any particular response.

Second, the Amended Complaint apparently asserts that Warden Davis could have authorized sending Holley to a brain trauma specialist immediately after the incident on May 21, 2021, but that Davis violated his rights by failing to do so. This assertion fails to state any actionable § 1983 claim.

"Society does not expect," nor does the Eighth Amendment require, that inmates have "unqualified access to health care." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Rather, only "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" that violates constitutional protections. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal quotation marks and citation omitted). Thus, the prisoner plaintiff must show that, objectively, he was suffering from a serious medical need and, subjectively, the prison staff was

aware of the need for medical attention but failed to respond reasonably to that need. *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008).

Objectively, the medical condition at issue must be "serious." *Hudson*, 503 U.S. at 9. Even if I were to assume that Holley's purported head injury issues presented a serious medical need for some treatment at Wallens Ridge, to prevail on his § 1983 claim, he must also show each defendants' deliberate indifference to that need. Specifically, Holley must state facts indicating that each defendant knew of and disregarded an excessive risk to his health or safety from the purported fall and resulting injuries. *Farmer*, 511 U.S. at 837. "[A]n inadvertent failure to provide adequate medical care" does not amount to deliberate indifference. *Estelle*, 429 U.S. at 105.

Prison officials are entitled to rely on the opinions, judgment, and expertise of medical personnel. *Shakka v. Smith*, 71 F.3d 162, 167 (4th Cir. 1995). It is not the function of prison administrators to second guess the good faith treatment decisions of licensed physicians. *Id.* A prison administrator "cannot be liable for the medical staff's diagnostic decisions" and, indeed, "cannot substitute [his] judgment for a medical professional's prescription." *Meloy v. Bachmeier*, 302 F.3d 845, 849 (8th Cir. 2002).

It is undisputed that for whatever injuries Holley suffered from the fall on May 21, 2021, he was immediately examined and treated by Dr. Mullins, who did not

refer him to a head trauma specialist at that time.  Warden Davis could rightfully rely on Dr. Mullins's medical decisions regarding appropriate care for Holley's injuries that day.  Holley argues in his responses that because VDOC policy provides for inmates to receive necessary care from medical specialists outside the VDOC, the Warden had a duty to recognize a need for, and authorize, a specialist's care in Holley's case.  A state policy that allows an inmate to receive specialty care, however, does not grant him a constitutional right to receive such care at will, or create a constitutional duty for a prison administrator with no medical expertise to order it for him.  I will grant the Motion to Dismiss as to Holley's claims against Warden Davis.

### D.    The Medical Defendants.

Holley asserts that Nurse Christian and Dr. Mullins had no personal expertise in the appropriate treatment of head trauma and thus should automatically have referred Holley to a specialist after his fall on May 21, 2021.  As with any Eighth Amendment claim regarding medical care, Holley must state facts indicating that each defendant knew of and disregarded an excessive risk to his health or safety, based on a serious medical need.  *Farmer*, 511 U.S. at 837.  Holley does not allege that either of these defendants ignored his medical conditions, failed to examine him for injuries that morning, or failed to provide him with any medical treatment.  Rather, Holley contends that as nonexperts, they should have immediately referred

him to an outside expert who could conduct a specialty evaluation and order testing and treatment for traumatic brain injury.  Holley has no constitutional right based merely on his self-diagnosed need for such medical attention, however.  *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977) (finding that in constitutional claim regarding course of treatment for inmate's medical needs, "the essential test is one of medical necessity and not simply that which may be considered merely desirable")

Furthermore, Holley must show each defendant's deliberate indifference by demonstrating that each defendant had "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction."  *Jackson*, 775 F.3d at 178.  "This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between a health care professional and patient about the prisoner's treatment plan.  *DePaola v. Clarke*, 394 F. Supp. 3d 573, 590–91 (W.D. Va. 2019).

In this case, Holley has not shown that either of the medical defendants knew from his unspecified symptoms after the fall on May 21, 2021, that he faced an excessive risk of harm to his health without specialty evaluation and treatment for possible head injury.  Even if Holley could show that the defendants' diagnoses and treatment decisions that day were negligent or even medical malpractice, that negligent conduct would not violate the Eighth Amendment.  *Johnson v. Quinones*,

145 F.3d 164, 168 (4th Cir. 1998) (holding that because plaintiff produced no evidence that doctors subjectively knew about his serious medical condition, their treatment decisions did not constitute deliberate indifference).  Therefore, I will grant the medical defendants' Motion to Dismiss.

### III.  CONCLUSION.

For the reasons stated, it is **ORDERED** as follows:

1.    Holley's motion, ECF No. 139, asking for the Motions to Dismiss to be considered as summary judgment motions, is DENIED; and

2.    Defendants' Motions to Dismiss, ECF Nos. 59 and 75, are GRANTED, and the Clerk shall terminate the following individuals as parties to this action:  Davis, Nunley, Stallard, Christian, and Mullins.  The court will separately address the Motion for Summary Judgment by Dr. McDuffie.

ENTER:  February 22, 2023

/s/  JAMES P. JONES
Senior United States District Judge